http://www.va.gov/vetapp16/Files4/1630471.txt

Citation Nr: 1630471 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-01 626 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Newark, New Jersey

THE ISSUE

Entitlement to a total disability rating due to individual unemployability (TDIU) as a result of service-connected disabilities.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

M.W. Kreindler, Counsel

INTRODUCTION

The Veteran served on active duty from October 1974 to December 1976.

This matter came to the Board of Veterans' Appeals (Board) from a September 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) which assigned a noncompensable rating to right lumbar radiculopathy. 

The Veteran testified at a hearing before the undersigned Veterans Law Judge in September 2011; the transcript is of record. 

In a January 2015 decision, the Board denied entitlement to a disability rating in excess of 10 percent for degenerative disc disease of the lumbar spine; denied entitlement to a disability rating in excess of 10 percent for left lumbar radiculopathy; denied entitlement to a compensable rating for right lumbar radiculopathy for the period April 6, 2010 to November 17, 2011; granted entitlement to a 10 percent disability rating for right lumbar radiculopathy for the period from November 18, 2011 to April 24, 2012; denied entitlement to a 30 percent disability rating for right lumbar radiculopathy for the period from April 25, 2012; and, denied entitlement to a disability rating in excess of 30 percent for status post total knee replacement, residuals right knee injury, status post partial medial and lateral meniscectomy, for the period from August 1, 2011. The Veteran filed an appeal to the United States Court of Appeals for Veterans Claims (Court). Pursuant to a July 2014 Joint Motion for Remand (JMR) and Court Order, the Board's decision with regard to the denial of a compensable rating for right lumbar radiculopathy for the period from April 6, 2010 to November 17, 2011 was vacated and remanded for action consistent with the JMR. The Veteran's appeal was deemed abandoned and dismissed with regard to the other issues addressed in the Board decision. 

In October 2015, the Board granted a 10 percent disability rating for right lumbar radiculopathy for the period from April 6, 2010, to November 17, 2011. The Board took jurisdiction of the issue of entitlement to a TDIU per Rice v. Shinseki, 22 Vet. App. at 447, and denied entitlement to a TDIU. The Veteran filed an appeal to the Court with regard to the denial of entitlement to a TDIU. Pursuant to a June 2016 JMR and Court Order, the Board's decision with regard to the denial of entitlement to a TDIU was vacated and remanded for action consistent with the JMR. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

Service connection is in effect for mood disorder with depressive features, rated 70 percent disabling from June 20, 2011; total left knee replacement, rated 60 percent disabling from August 29, 2011; status post total knee replacement, residuals, right knee injury, status post partial medial and lateral meniscectomy, rated 30 percent disabling from August 1, 2011; right lumbar radiculopathy, femoral nerve, rated 10 percent disabling from April 6, 2010 and 30 percent disabling from April 25, 2012; lumbar degenerative disc disease, rated 10 percent disabling from March 31, 2009; left lumbar radiculopathy, rated 10 percent disabling from April 6, 2010; left acromioclavicular and glenhumeral joint arthritis, rated 10 percent disabling from August 29, 2011; and, residual scars associated with right and left total knee replacements, rated noncompensably disabling. In this case, the Veteran has met the threshold requirements under38 C.F.R. § 4.16(a) since August 2004, with various periods of total rating, including since August 29, 2011. 

Thus, the question is whether the Veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities.

Initially, the Veteran should be requested to complete VA Form 21-8940, Application for Increased Compensation Based on Unemployability.

Opinions should be sought regarding the ways in which his service-connected disabilities impact employment and whether his service-connected disabilities preclude gainful employment.

Accordingly, the case is REMANDED for the following action:

1. Request that the Veteran complete a VA Form 21-8940, Application for Increased Compensation Based on Unemployability, for the period from 2009 to the present.

2. Schedule the Veteran for orthopedic and neurological examinations with a clinician(s) with appropriate expertise to assess the severity of his bilateral knee disabilities, lumbar spine disability with associated bilateral radiculopathy, lower extremities, and left shoulder disability. The virtual folder should be made available to the examiner for review in conjunction with the examination. Any medically indicated special tests should be accomplished, and all special test and clinical findings should be clearly reported. 

The examiner should describe how the Veteran's bilateral knee, lumbar spine with associated radiculopathy, and left shoulder disabilities affect his functioning for any period from February 2009, one year prior to receipt of his increased rating/TDIU claim. The examiner should provide an opinion concerning the impact of the Veteran's bilateral knee disabilities, lumbar spine disability, and radiculopathy, bilateral lower extremities, on his ability to work, to include how the disabilities affect his functioning. Any specific limitations, such as an inability to tolerate prolonged standing, walking or sitting should be noted, and the examiner should note any other tasks that would be difficult or impossible as applicable to the Veteran's work background.

Consider all pertinent evidence of record, including lay statements, and provide a rationale for any opinion. 

3. Schedule the Veteran for a psychiatric examination with a clinician with appropriate expertise to assess the severity of his mood disorder with depressive features. The virtual folder should be made available to the examiner for review in conjunction with the examination. Any medically indicated special tests should be accomplished, and all special test and clinical findings should be clearly reported. 

The examiner should describe how the Veteran's mood disorder with depressive features affects his functioning for any period from February 2009, one year prior to receipt of his increased rating/TDIU claim. The examiner should describe the types of limitations he would experience as a result of his mood disorder with depressive features that would prevent him from working in a job with the same requirements as his past work. For example, would he be able to get along with peers and/or supervisors, does he possess sufficient concentration and cognitive skills to perform work that he is training and otherwise qualified for, would any sleep deficits from his major depressive disorder interfere with his ability to work, etc.

Consider all pertinent evidence of record, including lay statements, and provide a rationale for any opinion. 

4. If TDIU is not granted, the Veteran and his representative should be provided a supplemental statement of the case and an appropriate time period for response. The case should then be returned to the Board for further consideration, if otherwise in order.

The Veteran and his representative have the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).